IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01411-BNB

CHARLES W. BRANDON,

     Plaintiff,

v.

CAROLYN W. COLVIN,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Charles W. Brandon, has filed *pro se* a Complaint.  The Court must construe the Complaint liberally because Mr. Brandon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Brandon will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

     The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Mr. Brandon fails to provide a short and plain statement of the grounds for the

court's jurisdiction, a short and plain statement of his claims showing that he is entitled

to relief, and a demand for the relief sought.   Mr. Brandon simply alleges that "my social

security disability case was denied and I have a TBI brain injury."  (ECF No. 1 at 2).  He

does not provide any factual allegations showing that he is entitled to relief, does not

allege the grounds for the court's jurisdiction, and fails to provide a demand for the relief

sought.  The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Assuming Mr. Brandon is proceeding under 42 U.S.C. § 405(g) and seeking

judicial review of a decision by the Commissioner of Social Security denying his claim

for Social Security disability benefits, he fails to allege when the Commissioner denied

his claim, the reason his claim was denied, whether he appealed the decision, whether

he received a decision on any appeal, and why he believes the decision was erroneous. Therefore, Mr. Brandon will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  If available, Mr. Brandon should attach to his amended complaint a copy of the administrative law judge's decision denying his claim.

The instant action will be dismissed without prejudice if Mr. Brandon fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure.  Even if the action is dismissed without prejudice, however, the dismissal may bar recovery if the time for filing an action seeking review of the denial of Social Security benefits expires.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Mr. Brandon file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Brandon shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Brandon fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED May 22, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge